IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOE GARDNER                                                                                     PLAINTIFF

vs.                                          CASE NO. **4:04CV1459GH**

SELECT SPECIALTY HOSPITAL
LITTLE ROCK, INC.                                                                          DEFENDANT

# ORDER

Plaintiff is a licensed practical nurse (LPN) who worked for defendant. He alleges that defendant violated his rights under the Family Medical Leave Act ("FMLA") and the Arkansas Civil Rights Act ("ACRA") when he was discharged because of his disability. There are currently pending cross motions for partial summary judgment as well as certain procedural motions.

Early on in the litigation plaintiff filed a motion in limine. Defendant responded, stating that discovery was not complete and that it was not in a position at that time, to determine whether it would seek to introduce the evidence plaintiff wants excluded. At this time, defendant should be able to advise plaintiff of its position with regard to the evidence. Therefore, the Court will deny the motion in limine without prejudice to renew to allow defendant time to advise plaintiff of its position with regard to the items plaintiff seeks to exclude.

Plaintiff has also filed a motion to compel, asking that defendant respond fully to Interrogatory Nos. 7, 8, 12, 14, and 16 and Requests for Production Nos. 7, and 14 -16. Defendant states that plaintiff's motion is premature and unfounded based on a previous agreement to stay discovery pending settlement negotiations. Should settlement negotiations fail, defendant would have three weeks after the parties mutually agreed in writing that settlement was no longer an option to supplement its responses to plaintiff's discovery requests. At the time plaintiff filed his motion to

compel, the parties were still engaged in settlement discussions. Indeed, the motion to compel was filed prior to the joint motion for settlement conference. The case did not settle.

The motion to compel is denied without prejudice to renew. The parties are directed to attempt to resolve their discovery disputes. Should they be unable to, plaintiff can seek assistance from the Court.

Plaintiff has filed a motion for a protective order. Defendant has subpoenaed plaintiff's spouse for a deposition.[1] Plaintiff asserts that any communications between him and his spouse while they were living together made in private are privileged. He asks that defendant not ask questions during the deposition of plaintiff's wife which involve private communications.

Defendant objects. "Federal courts recognize two distinct marital privileges under Rule 501 of the Federal Rules of Evidence: the marital confidential communication privilege and the adverse spousal testimony privilege." *United States v. Bad Wound*, 203 F. 3d 1072, 1075 (8th Cir. 2000). The adverse testimony privilege can be waived by the testifying spouse. *See United States v. Jackson*, 939 F. 2d 625, 626 (8th Cir. 1991). However, the marital confidential communication privilege, which prohibits testimony concerning statements privately communicated between spouses during their marriage, can be invoked by the nontestifying spouse. *Id.* Thus, plaitniff's spouse can waive the privilege with regard to testifying adversely against platiniff, however, she is precluded from testifying about private communications. To the extent plaintiff seeks protection regarding private communications during the time plaintiff and his spouse lived together, the motion for protective order is granted.

Accordingly, the motion in limine is denied without prejudice to renew; the motion to compel is denied without prejudice to renew; the motion for protective order is granted to the extent set forth above.

---

[1] Plaintiff and his wife are in the process of getting a divorce. It is unclear whether they are divorced at this time.

IT IS SO ORDERED this 7th day of December, 2005.

                                                *George Howard Jr*
                                         UNITED STATES DISTRICT JUDGE